## MOFFITT *v.* ROGERS and others.

*(Circuit Court, D. Massachusetts.* July 2, 1881.)

1. PATENT No. 178,869—COUNTER-STIFFENER MACHINE—VALIDITY.
   Letters patent No. 178,869, granted June 20, 1876, to John R. Moffitt, for process and machine for manufacturing counter stiffeners for boots and shoes, *held, invalid.*

2. PATENT—NEW APPLICATION OF OLD MACHINE.
   While a patent may hardly be sustained for a process or method which consists only in applying an old machine to a new use, it will only be supported when the new use is so remote from the old use that it is evident that a new idea has been discovered.

3. SPECIFICATION—ADMISSION BY PATENTEE.
   An admission by a patentee, in his specification or application for a patent, cannot afterwards be contradicted by him.
   *Leggett* v. *Avery*, 101 U. S. 256.

4. COUNTER STIFFENERS — OLD METHODS— COMBINATION OF OLD METHODS— PATENTABILITY.
   The methods of manufacturing counter stiffeners for boots and shoes, either by forcing the blank through a mould by means of a revolving former, or by molding the blank by pressure between a male and female mould, being old, complainant's process combining both such methods, in the manufacture of each counter, in a single machine, *held, not patentable.*

In Equity.

*B. F. Butler, E. F. Hodges,* and *J. C. Maynadier,* for complainant.
*Chauncey Smith* and *T. L. Wakefield,* for defendants.

LOWELL, C. J. A patent was granted to the plaintiff, June 20, 1876, No. 178,869, for an improvement in machinery for manufacturing counter stiffeners for boots and shoes. The patentee, in his specification, says:

"My invention relates to the shaping of the counter from the blank; and consists, primarily, in using a double process for effecting this, as will be more fully explained hereinafter,—the first process consisting in shaping them by means of a former moving upon an axis, and suitable means for holding the blank up to the former; and the second process consisting in moulding the counter so formed over a male mould of the desired form. By this double process a counter is formed which suits the wants of the consumer much better than any other known to me."

These counters or counter stiffeners are made of leather, or leather board, which is a composition of leather, and are used to increase the thickness and resistance of a boot or shoe at the heel. To be most convenient for the makers of boots and shoes, they should correspond to the shape of the heel. Several machines had been invented by the plaintiff and by others for their manufacture before 1876. It had been found extremely difficult to construct machinery

which would form a complete heel-shaped counter at one operation. The objection to the ordinary method of molding by pressure between a male and female mould lies in the resiliency of the material; that is, its tendency to resume its original shape. The difficulty with machines which used a revolving "former" to press the material with great force through, instead of into, a mould, consisted in obtaining the exact curves. Coté's machine, which has been before me in two cases to which the plaintiff is a party, makes a counter which is circular in cross section, and therefore needs to be reshaped by hand or by machinery.

In the patent now in suit, the plaintiff describes improvements in machinery for both parts of the operation, for forming a counter, and for reshaping it, and his claims, numbered from 2 to 6, are for these improvements, which are not infringed by the defendants. But what he considers the great future of his invention is the "process" of submitting the counter first to one and then to the other of the old methods. He says:

"This process of shaping counters, consisting in first shaping them by means of a former, *a*, and then molding them in the exact form desired over the male mold, *e*, constitutes the chief feature of my invention, and its great merit is that counters can be made by my improved process, not only with the proper curves to suit the trade, but also, in all other respects, of the exact shape required; and, so far as I know, I am the first to obtain this."

He goes on to say, as I have said, that counters had been made upon machines working in either mode, and to point out the objections to each. His first and broadest claim is for "the improved process of shaping counters above described, consisting in first giving the proper curves by a revolving former, substantially as described, and afterwards giving the exact shape by forming the counter over a male mould, all as set forth."

The defendants make counters by first passing counter-blanks though a Coté machine, patented in 1874, and then shaping them upon a Hatch machine, patented still earlier. They do not use the specific improvements in machinery described in patent No. 178,869, but they do use the process of the first claim. As I intimated at the hearing, I am not aware that a patent has ever been sustained for a process or method which consisted of employing an old machine for the very purpose for which it was made. If any person discovers how to use an old machine to the best advantage, he is only a skilful workman, not an inventor. The plaintiff undertakes to prevent the owners of a machine made for moulding counters from using it to finish

counters already begun upon another old machine for making counters. He might as well, in my opinion, claim a patent for passing a counter twice through the same machine.

I do not mean to say that a patent cannot possibly be supported for a process or method which consists only of applying an old machine to a new use. Many of the ablest writers and jurists assert that such a claim is possible. I have never seen a case in which a patent of this sort has been sustained, and there are some in which it has been rejected. If one is ever supported, it will be when the new use is so remote from the old use that a court or jury can say that a new idea has been discovered.

In the case of *Brook* v. *Ashton*, 8 E. & B. 478, affirmed, 32 L. T. Rep. 341, the patentee applied to fibers of wool and hair a process which had been before used for burnishing threads of cotton linen; but it was held, as matter of law, to be a mere double use, and the court refused to leave to the jury the question whether a new result was obtained. Certainly hair is less like cotton than a counter-blank partly made into a counter is to the counter-blank.

I am further of opinion, upon the evidence, that the process had been used by the defendants and by Russell & Co. before the plaintiff's application; whether for more than two years before that time, I do not decide. An attempt is made to carry back the plaintiff's invention for nine years, by evidence that he conceived the idea of the double process and carried it out to a practical success in 1867. The fact is denied by the defendants, and it is doubtful whether, so far as counters are concerned, the experiments of 1867 resulted in anything like a completed invention. For all the purposes of litigation the point seems to be settled in the patent; for it is explicitly stated in the specification that both the processes which the plaintiff has united into a single process are old; and this must mean old at the date of his invention. He cannot now be heard to contradict this admission. *Leggett* v. *Avery*, 102 U. S. 256.

Bill dismissed with costs.